UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL CONNELLY

    Plaintiff,

v.

    Case No.: 8:18-cv-451-T-30AEP
    **Jury Trial Demanded**

SYNCHRONY BANK,

    Defendant.

_____/

## COMPLAINT

Plaintiff, MICHAEL CONNELLY (hereafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, SYNCHRONY BANK (hereafter "Defendant"), and alleges:

### INTRODUCTION AND PRELIMINARY STATEMENT

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA"), and Florida Statutes §§ 559.55-559.785, also known as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

3. The FCCPA prevents debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

4. Plaintiff alleges that Defendant has unlawfully called his cellular telephone in an attempt to collect an alleged debt from him in direct contravention of the aforementioned statutes.

Consequently, Plaintiff seeks injunctive relief, as well as statutory damages, actual damages, attorneys' fees, and costs, in accordance with the aforementioned statutes where applicable.

## JURISDICTION AND VENUE

5. This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal TCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides in this District, the violations described in this Complaint occurred in this District, and, Defendant transacts business within this District.

## GENERAL ALLEGATIONS

8. At all material times herein, Defendant is a foreign corporation existing under the laws of Delaware with its principal place of business in Draper City, Utah, and that, itself and through its subsidiaries, regularly extends credit to consumers in Hillsborough County, Florida.

9. At all material times herein, Defendant is a "creditor" as defined by Florida Statute § 559.55. Specifically, Defendant attempted to collect a debt from Plaintiff that was allegedly due to Defendant by Plaintiff (hereinafter, "the Debt").

10. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or

employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

11. At all material times herein, the Debt was a consumer debt, incurred primarily for "personal, family or household purposes" as defined in Florida Statute § 559.55.

12. At all material times herein, Plaintiff was alleged by Defendant to be obligated to pay the Debt, and thus was a "debtor" as defined by Florida Statute § 559.55.

13. At no material time herein did Plaintiff have a business relationship or any other type of relationship with Defendant in connection with the Debt or otherwise.

14. At all material times herein, Defendant was a "person" as defined by Florida Statute §559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

15. At all times herein, Defendant's conduct with regard to the Debt complained of below qualifies as a "communication" as defined by Florida Statute § 559.55.

16. Florida Statute § 559.77 provides for the award of up to $1,000.00 statutory damages, plus actual damages and an award of attorneys' fees to Plaintiff should Plaintiff prevail in this matter.

17. Title 47 of the United States Code, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made by an automatic telephone dialing system to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed under the TCPA.

18. At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions.

19. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

20. Commencing approximately in the month of November 2017 and continuing through January 2018, upon information and belief, Defendant, by and through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect the Debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to Plaintiff's cellular telephone, using the following telephone numbers: (407) 541-5230, (330) 280-5509, (800) 568-0162, and (770) 238-1943.

21. The calls cumulatively caused Plaintiff to believe he owed the Debt, and that he had to choose between paying the wrongfully asserted Debt or continuing to receive Defendant's misdirected communications.

22. Upon answering any of these calls, Plaintiff would be greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's auto-dialing system attempted to connect the Plaintiff to a live telephone employee.

23. Upon missing any of these calls, Plaintiff would receive a voicemail that contained an automated, machine-operated, pre-recorded voice message informing Defendant that he allegedly owed the Debt.

24. Many of the automated, machine-operated, pre-recorded voicemail messages received by Defendant stated, in pertinent part, the following: "This is a message from Synchrony Bank. Your Sam's Club Personal Credit account is past due. Please return our call to 800-xxx-0162. This is a recording. This is to collect a debt and info will be used for that purpose."

25. Plaintiff is the sole owner, regular user and carrier of the cellular telephone number at issue, (813) XXX-8036, and was the called party recipient of Defendant's phone calls described herein.

26. Defendant called Plaintiff at least one-hundred (100) times in a campaign designed to apply maximum psychological stress with the aim of pressuring Plaintiff into paying the Debt.

27. Defendant's calling campaign included multiple calls a day and/or calls on back to-back days. These calls were unsolicited, unwanted, willful and harassing.

28. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

29. Plaintiff did not have an account, business relationship or any other affiliation with Defendant, and does not know how Defendant acquired his cell phone number.

30. Plaintiff did not provide his cellular number to Defendant, nor did Plaintiff ever provide express consent for Defendant to place calls to his cellular telephone.

31. Upon information and belief, Defendant knew their calling techniques were violation of the TCPA, yet continued to use them, therefore willfully and knowingly violated the TCPA.

32. Each of the calls was made for the purposes of: (a) asserting and alleging that Plaintiff owed the Debt, (b) attempting to collect the Debt from Plaintiff, and (3) willfully harassing or abusing Plaintiff.

33. Plaintiff was damaged by these unlawful calls. Plaintiff's privacy was improperly invaded, his peace was disturbed, his cellular telephone's battery and memory were taxed, his cellular telephone line was tied-up, and he was forced to spend time tending to unwanted calls.

34. Plaintiff has retained The Power Law Firm ("Undersigned Counsel"), for the purpose of pursuing this matter against Defendant and is obligated to pay them a reasonable fee for their services and are obligated to reimburse them for any costs advanced on Plaintiff's behalf.

35. All conditions precedent to the filing of the action occurred or have been waived by Defendant.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE-
## VIOLATION OF FLORIDA STATUTE 559.72(7)

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) above and further states as follows:

36. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(7) by attempting to collect the Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

37. Defendant has on many occasions called Plaintiff by telephone directly, multiple times a day, attempting to collect the Debt. By virtue of having to handle debt collection calls to Plaintiff's cellular phone multiple times a day, Plaintiff has been harassed and these calls have caused unnecessary strain, burden and emotional distress upon Plaintiff and Plaintiff's family.

38. Defendant's actions of calling Plaintiff continuously and regularly day after day, multiple times a day, reasonably can be expected to have the natural consequences of harassing Plaintiff which was the intent of Defendant in order to elicit payment from Plaintiff for the Debt.

39. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

40. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. Defendant's phone calls harmed Plaintiff by (1) trespassing upon and

interfering with Plaintiff's rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5) depleting the battery life on Plaintiff's cellular telephone; (6) using memory storage space in Plaintiff's cellular telephone; and (7) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

41. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per adverse adjudication, together with reasonable attorneys' fees and court costs. *Beeders v. Gulf Coast Collection Bureau*, 632 F. Supp. 2d 1125, 1130 (M.D. Fla. 2009)

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO:
## UNFAIR DEBT COLLECTION PRACTICE-
## VIOLATION OF FLORIDA STATUTE 559.72(9)

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) above and further states as follows:

41. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(9) by asserting the existence of a legal right with knowledge that such right does not exist.

42. To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist. *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009).

43. Defendant violated § 559.72(9) by demanding payments on the Debt despite the fact that Plaintiff never incurred the debt and had no prior business relationship with the Defendant.

44. An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist. *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (motion to dismiss denied where plaintiffs alleged that defendant asserted a legal right that did not exist when it attempted to collect a debt in violation of the Florida Deceptive and Unfair Trade Practices Act and the TCPA).

45. As set forth in paragraphs nineteen (19) through thirty-four (34) above, Defendant has on at least one-hundred occasions called Plaintiff's cellular telephone in violation of the TCPA's prohibition on auto-dialing cellphones without prior express consent.

46. Defendant's calling campaign also constitutes a violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.*, which prohibits use of "unfair or deceptive acts or practices in the conduct of any trade or commerce."

47. By attempting to collect a debt in violation of the TCPA and FDUTPA, Defendant, through its agents, representatives and/or employees acting within the scope of their authority, asserted a legal right that did not exist in violation of Florida Statutes §559.72(9)

48. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. Defendant's phone calls harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5) depleting the battery life on Plaintiff's cellular telephone; (6) using memory storage space in Plaintiff's cellular telephone; and

(7) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

49. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00 per adverse adjudication, together with reasonable attorneys' fees and court costs.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
### TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 U.S.C. 227(b)(1)(a)

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) thirty-five (35) above and further states as follows:

50. Defendant placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C § 227(b)(1)(A)(iii).

51. It is a violation of the TCPA, 47 U.S.C. § 227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded message without that person's prior express consent.

52. Plaintiff did not expressly authorize Defendant to call his cellular telephone in service of Defendant's general business aims. Further, Plaintiff's instructions to cease calls effectively revoked any prior consent Defendant may believe it had. *See Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

53. Upon information and belief, the aforesaid calls to Plaintiff's cellular telephone were placed using an automated telephone dialing system or employed a prerecorded voice message. These calls bore telltale signs of an automation, such as a prerecorded message or a noticeable gap between picking up the call and a human being coming on the line.

54. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

55. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

56. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See *FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

57. Defendant, through its agents, representatives and/or employees acting within the scope of their authority, acted willfully and therefore intentionally violated the TCPA, 47 U.S.C § 227 (b)(1)(A)(iii). Pursuant to the FCC's interpretation regarding willfulness, "willful or knowing"

requires merely that "the violator knew that he was doing the act in question. A violator need not know that his action or inaction constitutes a violation." *In re Dynasty Mortg., L.L.C.*, 22 F.C.C. Rcd. 9453, 9470 n.86, 2007 WL 1427724 (F.C.C. May 14, 2007).

58. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227. See also *Mims v. Arrow Fin. Servs., L.L.C.*, 132 S. Ct. 740, 744, 181 L. Ed. 2d 881 (2012) ("The Act bans certain practices invasive of privacy").

59. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

60. Defendant's phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

61. Defendant's phone calls also harmed Plaintiff by (1) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone; (2) trespassing upon and interfering with Plaintiff's rights and interests in access to his cellular telephone line; (3) intruding upon Plaintiff's seclusion; (4) wasting Plaintiff's time; (5) depleting the battery life on Plaintiff's cellular telephone; (6) using memory storage space in Plaintiff's cellular telephone; and (7) causing Plaintiff aggravation, indignation, humiliation, embarrassment, anxiety, anguish, depression, unwarranted stress and loss of enjoyment of life.

62. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

63. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a).

**WHEREFORE**, Plaintiffs request this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

### COUNT FOUR:
### INVASION OF PRIVACY

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35) and further states as follows:

64. Defendant and its representatives intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and private concerns or affairs.

65. Specifically, Defendant repeatedly and unlawfully called Plaintiff's cellular telephone using an automatic dialing system at least one-hundred (100) times within a span of three (3) months.

66. Defendant's behavior constitutes an invasion of Plaintiff's privacy as an intrusion into her seclusion. Moreover, Plaintiff possessed a heightened expectation of privacy with respect to communications from Defendant regarding the Debt, as Plaintiff never incurred the Debt nor had any relationship with the Defendant.

67. Such invasions were unlawful, intentional, systematic, continuous, willful, and harassing, and were made with complete disregard of Plaintiff's rights to privacy.

68. All communications were made with the intent to invade Plaintiff's constitutional expectation of right to privacy and were made with malicious intent to infringe upon Plaintiff's reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for actual damages, statutory damages, costs, attorneys' fees, and such other equitable relief this Court deems appropriate.

## COUNT FIVE: DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff repeats, re-alleges and incorporates by reference paragraphs one (1) through thirty-five (35), and further states as follows:

69. Unless Defendant is immediately enjoined from continuing to harass Plaintiff in its attempts to collect the Debt from Plaintiff, including but not limited to continuously calling Plaintiff from an automated dialing system in an attempt to collect the Debt from her despite her repeated attempts to advise Defendant that she does not owe the Debt, Plaintiffs will suffer irreparable injury.

70. Plaintiff has no adequate remedy at law.

71. Plaintiff has a clear legal right to the protections of the FCCPA, and Plaintiff has a clear legal right to the protections of the TCPA.

72. The requested injunction is reasonably necessary to protect the legal rights of Plaintiff and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiff respectfully requests this court to enter a judgment against Defendant for declaratory relief against Defendant for violations of the FCCPA, declaratory relief

against Defendant for violations of the TCPA, injunctive relief against Defendant for violations of the FCCPA and TCPA, and such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

73. Please take notice that Plaintiffs demands trial by jury in this action.

Dated: FEB. 23, 2018

THE POWER LAW FIRM
5415 Lake Howell Rd., #189
Winter Park, Florida 32792
Office: (407) 730-2867
Fax: (407) 917-9175
E-mail: eservice@yourlawpower.com

_____
BRYAN A. DANGLER, ESQ.
Florida Bar No.: 113671
Attorney for Plaintiff